Filed 4/3/14  P. v. Lavor CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C073713 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F00109) |
| v. | |
| ROMAN MICHAEL LAVOR, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

On January 5, 2013, at approximately 2:45 p.m., the City of Sacramento Police Department was notified that a man and a woman were sitting in a red car in the parking lot of a small apartment complex, smoking something out of tinfoil.

Police officers arrived at the parking lot and found two cars, a red one and a white one, connected to each other with jumper cables.  They also saw defendant Roman Michael Lavor, a Caucasian woman, and an Hispanic woman standing near the two cars. The Caucasian woman had square sheets of foil in her hands and was trying to hide them

inside the red car. As the officers got out of their patrol vehicle and approached defendant, Officer Dustin Smith noted defendant appeared to be "nervous." When Officer Smith made contact with defendant he observed that defendant appeared to be looking "for a place to flee."

Officer Smith then asked defendant if he was on probation or parole. He said he was not. Officer Smith then asked defendant if he had any weapons or narcotics on him. Defendant admitted he had heroin in his pocket and gave Officer Smith permission to retrieve the heroin. In defendant's pocket, Officer Smith found two separate packages of heroin: one weighed .5 gram and the other 3.5 grams. In the same pocket, he also found $128. Officer Smith then took defendant into custody.

Meanwhile, Officer Smith's partner, Officer Sara Butler, approached the woman they found with defendant, standing near the red car. Concerned because she saw the woman reach into the car to hide the tinfoil, Officer Butler asked the woman to step away from the car and show her hands. The woman was "shaking very badly" and told Officer Butler she was on probation. Officer Butler then searched the woman and detained her in the back seat of the patrol car.

After learning the woman was on formal searchable probation, Officer Butler conducted a probation search of the red car. She found clean pieces of foil near the hand brake and several pieces of dirty foil, apparently used for smoking illegal drugs, "[a]ll over the car." Officer Butler also found a "sandwich baggy" containing $1,900 next to the center console, two digital scales, a "cell phone type box" containing approximately 51 grams of heroin and 20 empty sandwich baggies, and paperwork indicating the car belonged to defendant. Officer Butler also found the woman's cell phone in the passenger seat and another cell phone in the driver's door. A search of Department of Motor Vehicle records confirmed the car was registered to defendant.

Defendant was subsequently charged with possession of heroin for the purpose of sale (Health & Saf. Code, § 11351), and the amount he possessed was greater than

2

14.25 grams (Health & Saf. Code, § 11352.5, ¶ (1); Pen. Code, § 1203.07, subd. (a)(1)). The People further alleged defendant previously served a term in prison. (Pen. Code, § 667.5, subd. (b).)

Defendant's Penal Code section 1538.5 motion to suppress was denied, and he pleaded no contest to possessing heroin with the intent to sell. In exchange for his plea, the People agreed to a stipulated term of three years; defendant would serve one year in county jail and serve the remainder of his term on formal probation.

Defendant was later sentenced in accordance with his plea. The trial court awarded defendant 221 days of custody credit (111 actual and 110 conduct) and ordered him to pay numerous fines and fees. Defendant appeals without a certificate of probable cause. (§ 1237.5.)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                            RAYE            , P. J.

We concur:


        BLEASE        , J.


        HOCH          , J.

3